662 So.2d 839 (1995)
Zelma Stribling WATKINS and Dixie Lee Stribling, Plaintiffs-Appellees,
v.
Cleveland BETHLEY, Jr.; E.R. Kiper Hardware & Lumber Corporation; and National Union Fire Ins. Co. of Pittsburg, Defendants-Appellants.
Jessie Lee BENJAMIN & as Natural Tutrix of Her Minors, D.D.L., C.L.B., V.E.L., M.G.L., J.M.L.W., P.O.L., K.L., F.B.L., & G.L., Plaintiffs-Appellants,
v.
E.R. KIPER HARDWARE & LUMBER CORPORATION; and National Union Fire Ins. Co. of Pittsburg, Defendants-Appellants.
Nos. 27554-CA, 27555-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1995.
*840 Skipper M. Drost, Sulpher, Gold, Weems, Bruser, Sues & Rundell by Raymond L. Brown, Jr., Carolyn J. Smilie, Alexandria, Stockwell, Sievert, Viccellio, Clements & Shaddock by John S. Bradford, Lake Charles, Ernest C. Hunt, Jr., Lake Charles, for appellants.
Joe D. Guerriero, Monroe, for appellees.
Before SEXTON, BROWN and STEWART, JJ.
BROWN, Judge.
The sole issue in this appeal is whether the district court erred in awarding $50,000 to each of eleven children for the wrongful death of their 81-year-old father. Both sides appeal, claiming the awards are either excessive or inadequate.
Damages for wrongful death are intended to compensate the victim's beneficiaries for their loss following the victim's death. Elements of damage for wrongful death are loss of love and affection, loss of services, loss of support, medical expenses and funeral expenses. Mathieu v. State, Dept. of Transportation and Development, 598 So.2d 676 (La.App. 3d Cir.1992); Pierre v. Lallie Kemp Charity Hospital, 515 So.2d 614 (La.App. 1st Cir.1987), writ denied, 515 So.2d 1111 (La.1987).
Great discretion is given to the trial court in determining the monetary value of the loss. This discretion may not be disturbed by a reviewing court except upon a showing of a clear abuse by the trial court. Reck v. Stevens, 373 So.2d 498 (La.1979); Jackson, supra. Before a trial court award of damages can be questioned as excessive or inadequate, the reviewing court must look first, not to prior awards, but to the individual circumstances of the instant case. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976); Jackson v. A.L. & W. Moore Trucking, 609 So.2d 1064 (La.App. 2d Cir.1992).
Thus, we must examine the facts of this case and, in particular, the circumstances of the relationship of each child with the decedent.

*841 FACTS

On March 12, 1992, Jessie Lee Benjamin, the sole proprietor of a medical transport business, was driving two patients, 15-year-old Kevin Rose, and 81-year-old Elector Stribling, to Monroe for medical treatment. Ms. Benjamin's vehicle was traveling north on La. Highway 15. Kevin Rose asked Ms. Benjamin to stop at a convenience store and, because of oncoming traffic, she stopped and engaged her left turn signal.
A gravel truck owned by E.R. Kiper Hardware and Supply Co., and driven by employee, Cleveland Bethley, Jr., was proceeding north on Hwy. 15 behind Ms. Benjamin's automobile. Whether because of excess speed, inattentiveness or an overload, Bethley was unable to stop. The gravel truck struck the right rear of Ms. Benjamin's car and sent it into the path of an oncoming 18-wheel tractor-trailer rig. Elector Stribling was killed. Ms. Benjamin and Kevin Rose sustained serious injuries.
Three suits were filed. Kevin Rose's action was settled prior to trial and the remaining two cases were consolidated. The trial court found that the accident was caused solely by the fault of Bethley, the driver of the gravel truck, and rendered judgment in favor of plaintiffs, Jessie Lee Benjamin and the eleven children of Elector Stribling, and against defendants, Bethley, his employer, E.R. Kiper Hardware, and their insurer, National Union Fire Insurance Company of Pittsburgh.
Jessie Lee Benjamin was awarded general and special damages in the amount of $655,629.22. Elector Stribling died the day following the accident and his children were awarded $55,000 for his survival action and $23,284.58 for medical and funeral expenses. Each of Stribling's eleven children was awarded $50,000 for his or her loss.
Defendants appeal, arguing that the trial court's wrongful death awards are excessive. The children of Elector Stribling appeal, urging that the wrongful death awards are inadequate. Jessie Lee Benjamin also filed an appeal. Mrs. Benjamin, however, reached a settlement with defendants prior to oral argument and her appeal was dismissed.

DISCUSSION
Elector Stribling fathered thirteen children. Two sons predeceased him. Of the eleven surviving children, two were born of Stribling's marriage to Maudie Stribling and nine were born of his relationship with Jessie Lee Benjamin, the driver of the medical transport vehicle.
Zelma Stribling Watkins was 57 years old when her father died. Zelma testified that she regularly visited her father, spending all of the major holidays with him. While staying with her father, she cared for him and helped him write letters to her sister, Dixie. Together, she and her father enjoyed hunting, fishing and working on the farm. Following the accident, Zelma was the one who spent the night at the hospital with Stribling.
Dixie Lee Stribling, who was 56 when Stribling died, has lived in Hawaii for over fifteen years. Dixie had lived with her parents through high school and while she attended Grambling University. Dixie's son, Vincent Keith Stribling, lived with his grandfather and according to Dixie, this helped strengthen and intensify her relationship with her father. Dixie stated that although she was only able to see her father every two years, they communicated regularly through letters and telephone calls. She and her father had discussed the possibility of Dixie taking care of him should his health decline and such care become necessary.
Cassandra Lee Brass is the oldest of the children born to Stribling and Jessie Lee Benjamin. Although she never lived with her father, Cassandra testified that she had a very special, close relationship with him. At the time of the accident, Cassandra, aged thirty-two, was living in Houston with her husband and children. In 1990, Stribling lived with Cassandra's family for approximately four months while undergoing medical treatment. Following her father's return to Louisiana, Cassandra saw him once a month and talked frequently with him by phone.
Elector Stribling had a farm in Gilbert, Louisiana. Vincent Erwin Lee, who was 30 years old at his father's death, lived in Gilbert *842 until he was 18 years old. While growing up, Vincent worked with his father on the farm, after school during the school year and from dusk till dawn during the summer. At the time of the accident, Vincent and his family lived in Beaumont, Texas. Vincent returned to Gilbert at least twice a month and on special occasions.
Michael Glenn Lee, who was born in 1963, saw his father on a daily basis while he was growing up. Michael also worked on the farm. Michael read to or added or subtracted numbers for his father. Michael noted that Stribling insisted that his children get the best education possible.
At the time of the accident, Michael was unemployed. Because he had time on his hands, he spent it with his father. Michael and his brother Greg arrived at the accident scene when their parents were being placed in ambulances. Michael rode with his father, who was bleeding internally and in pain, to Franklin Parish Hospital.
Jessie Michelle Lee Williams, who is married and the mother of two, was 27 years old when her father died. Growing up, Michelle recalled her father stopping by their house every day to spend time with his children. Stribling took Michelle to and from pep squad practices and football games. Michelle related that while the boys worked in the field, she and her sisters prepared the food for winter storage and cooked the family meals. Following the accident, Michelle left her family in Monroe to tend her father; after the funeral, she stayed in Gilbert to help her mother.
Faye Bowie Lee, who was born in 1966, lives in LaPlace, Louisiana, where he works as an assistant maintenance foreman for Shell Pipe Line Corporation. Although working long hours, he returned to Gilbert once every three months and made frequent phone calls to share offshore experiences with his father. Faye, who flew from the rig to LaPlace and then drove to Monroe immediately upon learning of the accident, recalled his visit with Stribling only a few weeks before the accident. Faye also talked about the special relationship Stribling had with his children. Faye stated that his father taught him the value of honesty, discipline and hard work, as well as the importance of family.
Gregory Lee was born in 1967. Gregory lives in Gilbert, where he continues to work on his father's farm. Gregory and his brother Kelvin took Stribling to Houston in 1990 to stay with Cassandra. When the brothers returned to Houston to bring him back home, Gregory noticed that Stribling was feeling much better. Once back in Gilbert, Stribling was able to stay by himself and go with Gregory to the farm to look at the crops. Gregory related many family activities enjoyed together, such as crawfish boils and Father's Day celebrations.
Kelvin Lee was born in 1971. He recalled that his father bought him a shotgun and taught him how to hunt. At age 17, Kelvin wanted to enlist in the Navy. Because of his age, parental consent was required. Stribling did not want Kelvin to join, but he eventually signed the consent form because it was what Kelvin wanted. Although his leave time was limited, Kelvin took every opportunity to return to Gilbert to spend time with his parents. Kelvin was in the Caribbean at the time of his father's death. He traveled all night to make it to Stribling's funeral.
Prentiss Oneal Lee was 17 when he lost his father. Prior to the accident, when Stribling got sick, Prentiss took care of his father 24 hours a day. Prentiss did not leave his father's side for approximately 5½ months.
Delaskin Darrinese Lee (Dee Dee) was 15 when Stribling died. At the time of his death, Stribling was providing monetary and emotional support for her. Dee Dee, who was on the basketball team, stated that her father attended her games. Dee Dee recalled picking berries, riding horseback, making ice cream and cooking with her father. Dee Dee also remembered that her father bought her first bicycle. The last time Dee Dee saw her father was at the scene of the accident; he was lying on the side of the road covered with a blanket.
The trial court found, and the evidence clearly supports, an exceptionally close family relationship between the decedent, Elector Stribling, and all of his eleven children. *843 This 81-year old gentleman instilled in all of his children a strong sense of family, the value of hard work and a respect for education. Our review on appeal is restrictive; only if the trial court abused its wide discretion can we change the award.
In awarding wrongful death damages, the trial court did not make a distinction between the major and minor children. The record, however, clearly supports such a distinction. In this respect the trial court abused its discretion. Using the standards for review set forth above, applied to the facts of this case, we can not say that the trial court's award to the nine major children constitutes an abuse of discretion; however, we find inadequate the court's award to Prentiss and Dee Dee Lee, who were seventeen and fifteen at the time of their father's death.
The trial court's award did not include an amount for loss of support. While neither Prentiss nor Dee Dee lived with their father, the record reveals that Stribling did provide monetary support to his youngest children. In addition, these children will miss the paternal association, love and guidance needed during their critical teenage years. We thus raise the trial court's award to Prentiss and Dee Dee Lee to reflect this loss. Our review of the jurisprudence reveals that the lowest amount within the trial court's discretion is $100,000.[1]

CONCLUSION
The trial court's award of wrongful death damages in the amount of $50,000 to Zelma Stribling Watkins, Dixie Lee Stribling, Cassandra Lee Brass, Vincent Erwin Lee, Michael Glenn Lee, Jessie Michelle Lee Williams, Faye Bowie Lee, Gregory Lee and Kelvin Lee is AFFIRMED. We AMEND the trial court's judgment to award wrongful death damages in the amount of $100,000 each to Prentiss Oneal Lee and Delaskin Darrinese Lee. AMENDED, and, AS AMENDED, AFFIRMED.
NOTES
[1] See Smith v. State, Dept. of Health and Hospitals, Corp., 26,280 (La.App.2d Cir. 12/09/94), 647 So.2d 653, writ granted, 95-0038 (La. 03/10/95), 650 So.2d 1167; Moore v. Gencorp, Inc., 92-2049 (La.App. 4th Cir. 06/30/94), 641 So.2d 592; Faucheaux v. Terrebonne Parish Consolidated Government, 625 So.2d 683 (La.App. 1st Cir.1993); Cornett v. State, through W.O. Moss Hospital, 614 So.2d 189 (La.App. 3rd Cir.1993); Mathieu v. State, Dept. of Transportation and Development, 598 So.2d 676 (La.App. 3rd Cir.1992), writ denied, 600 So.2d 665 (La.1992).