744 So.2d 1286 (1999)
Clarence Steen STROUD, Randy Stroud and Jason Matthew Stroud
v.
Bruce GOLSON, M.D.
No. 99-C-2108.
Supreme Court of Louisiana.
October 29, 1999.
Denied.
VICTORY, J., would grant the writ.
MARCUS, J., not on panel.
VICTORY, J., would grant the writ for the following reasons.
The decision of the court of appeal to affirm the jury's $1.5 million general damage verdict, reduced in accordance with the statutory cap to $400,000, for the decedent's 20% lost chance of survival demonstrates the error of the majority in Smith v. State, 95-0038 (La.6/25/96), 676 So.2d 543. In Smith, supra, this Court held that when the chance of survival is less than 50%, the factfinder is "to focus on the chance of survival lost on account of malpractice as a distinct compensable injury and to value the lost chance as a lump sum award based on all the evidence in the record, as is done for any other item of general damages." Id. at 547. The majority stated that its method would not leave the jury without any guidance or factors to consider. Ostensibly, "assurance against speculative verdicts" would be provided by the appellate court's review of the "percentage chances and the losses incurred by the tort victim and his or her heirs, and any other relevant evidence." Id. at 549. This case is a glaring example of why the majority's opinion in Smith does not work and why the percentage probability test should be adopted by this court.
In Smith, the majority criticized the "percentage probability test" approach as too mechanistic. Under this test, damages in lost chance of survival cases are measured according to the "percentage probability by which the defendant's tortious conduct diminished the likelihood of achieving some more favorable outcome." Joseph H. King, Jr., Causation, Valuation and Chance in Personal Injury Torts Involving Preexisting Conditions and Future Consequences, 90 Yale L.J. 1353, 1382 (1981). For example, where the decedent lost a 20% chance of survival, the compensation *1287 for the loss of that chance would be 20% of the compensable value of the decedent's life had he survived. As I pointed out in my dissent in Smith, supra, this approach insures that the damages awarded redress the actual injury, which is the decreased chance of survival or recovery, not the actual death. Martin v. East Jefferson Gen. Hosp., 582 So.2d 1272 (La. 1991); Hastings v. Baton Rouge General Hospital, 498 So.2d 713 (La.1986); Perez v. Las Vegas Med. Ctr., 107 Nev. 1, 805 P.2d 589, 592 (1991). However, the jury verdict in this case is clearly excessive even for a wrongful death award.
General damage awards to surviving spouses in wrongful death cases generally range between $150,000 and $500,000, and to surviving adult children between $25,000 and $250,000. See Brodtmann v. Duke, 96-0257 (La.App. 4 Cir. 2/11/98), 708 So.2d 447, writ denied, 98-0645 (La.4/24/98), 717 So.2d 1177, and 98-0658 (La.4/24/98), 717 So.2d 1178; Baughman v. State, Dept. of Transp., 28,369 (La.App. 2 Cir. 5/8/96), 674 So.2d 1063, writ denied, 96-1882 (La.11/1/96), 681 So.2d 1260; Hayes v. City of Baton Rouge, 96-0189 (La.App. 1 Cir. 11/8/96), 683 So.2d 899; Watkins v. Bethley, 27,554, 27,555 (La. App. 2 Cir. 11/1/95), 662 So.2d 839; Sudduth v. State, DOTD, 619 So.2d 618 (La. App. 3 Cir. 1993); Mathieu v. State, DOTD, 598 So.2d 676 (La.App. 3 Cir. 1992); Jackson v. A.L. & W. Moore Trucking, 609 So.2d 1064 (La.App. 2 Cir.1992); Murphy v. K.D. Auger Trucking, Inc., 598 So.2d 443 (La.App. 2 Cir.1992); Bourgeois v. Puerto Rican Marine Management, Inc., 589 So.2d 1226 (La.App. 4 Cir.1991). Here, plaintiffs' expert testified there was only a 20% lost chance of survival (that is, there was an 80% chance that Mrs. Stroud would have died of cancer absent any malpractice), yet the jury awarded $1.5 million in general damages for this 20% lost chance when the highest award of general damages for wrongful death (100% lost chance) to this surviving spouse and two major children could not reasonably exceed a total of $1 million.
We should grant this writ, determine that the maximum general damage award for a wrongful death action to the surviving spouse and two major children could not exceed $1 million, and then apply the percentage probability test to properly reduce the award to $200,000 subject to the $80,000 credit paid in settlement by the doctor. See Graham v. Willis-Knighton Medical Center, 97-0188 (La.9/9/97), 699 So.2d 365. Thus, the statutory cap for malpractice would not come into play.